**XUE QI LIN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–2537–ag.**

United States Court of Appeals, Second Circuit.

Aug. 1, 2006.

John D. Hu, New York, NY, for Petitioner.

Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Varuni Nelson and Dione M. Enea, Assistant United States Attorneys, Brooklyn, NY, for Respondent.

Present DENNIS JACOBS, ROBERT D. SACK, BARRINGTON D. PARKER, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Xue Qi Lin, though counsel, petitions for review of the April 2005 BIA decision denying his motion to reopen his immigration proceedings so that he could file an application for an adjustment of status. We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006).

Lin concedes that he filed his motion to reopen on March 18, 2005, more than 90 days after both the BIA's order of removal and June 2003 order denying his motion to reopen. Consequently, he exceeded both the time and numerical limitations applicable to motions to reopen. *See* 8 C.F.R. § 1003.2(c)(2) (2004).

An untimely motion, however, may be maintained if the alien can establish one of four limited exceptions, one of which allows a motion "[a]greed upon by all parties and jointly filed." *See* 8 C.F.R. § 1003.2(c)(3)(iii) (2005). Lin argues that, in light of the language in a Bureau of Citizenship and Immigration Services ("CIS") order which denied his application for adjustment of status and stated that he could renew his application after proceedings were initiated to enforce his departure, he relied on that language and waited till such proceedings commenced. According to Lin, when he was apprehended by immigration officials in March 2005 and proceedings commenced to deport him, the time to file his motion to reopen based on an application for adjustment of status was triggered. The letter Lin refers to appears to be a form letter that the CIS sends in reply to all misfiled motions to reopen. This letter cannot reasonably be construed as consent from the Bureau of Immigration and Customs Enforcement ("BICE"), which is a completely separate agency. Furthermore, there has been no "jointly filed" motion as BICE has expressly stated that it did not consent to the

motion to reopen. The BIA thus properly denied Lin's motion as untimely.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).